WRIGHT, J.,
delivered the opinion of the Court.
This is ' a bill to - divest out of the defendant, Tip-ton, the title to 730 acres and 30 poles of land in the county of Obion, claimed by complainant.
The facts of the case are these: On the 4th of August, 1849, Tipton made a consolidated entry for 1200 acres, under the provisions of the act of 1847, ch. 20.-
In October, 1840, six individuals, whose names are given in the record, being, separately, the owners of *414 small certificate warrants issued by the register of West Tennessee, amounting in the aggregate to 141 and 4-9th acres, caused several entries to be made of the same, in their respective names, in the entry taker’s office of Obion county; and being thus the owners of these small tracts, they caused the same to be enlarged to 200 acres each — under the occupant laws of the State, providing for extension rights — and, also, had the same entered in their respective names. These tracts constitute the 1,200 acres before mentioned.
Tipton became the assignee of these warrants and extension entries, and for the purpose of obtaining a grant, made the consolidated entry aforesaid — having paid to the entry taker the fees that were allowed by law, to the entry taker, surveyor, register, and Secretary of State, in obtaining grants. But the State did not issue the grant to him till the 1st day of January, 1856.
On the 1st day of September, 1851, S. W. Coch-rane made an entry of the land claimed' by complainant, and which, in part, conflicts with Tipton’s entry and grant; but being subsequently informed of the conflict, he determined to abandon his entry, but the same being left on filé in the entry taker’s office, was recorded by the deputy entry taker without his knowledge.
It seems, that prior to the discovery of the conflict, Cochrane had proposed to give this entry to the complainant ; and, as we take it, from the record, without any consideration. At all events, none appears, and we are satisfied none was paid. Complainant does not allege or pretend there was any. But, notwithstanding these facts, and with a full knowledge of Tipton’s prior claim, he insisted that Cochrane should permit him to *415 have the benefit of the entry; and Cochrane did, accordingly, on the 13th of August, 1855, assign it to him, without consideration — informing him at the time of Tipton’s prior right — and of his determination not to claim the entry.
Afterwards, and on the 12th of December, 1855— complainant caused this entry to be surveyed, and tendered the plot and certificate of survey, with the fees of office, to the entry taker, who refused to receive the same, because of the existence of Tipton’s prior right.
The complainant insists that Tipton’s right to obtain a grant, by force of the act of the 24th of January, 1850, expired on the 30th of August, 1851, and that in consequence of the hiatus in. the law — extending the time to obtain grants — between that time and the act of the 13th of November, 1851, Tipton’s entry became vacant, and subject to his entry, and that he now has a right to divest the legal title -out of Tipton.
The Chancellor decreed otherwise, and we think his decree was right. It is manifest complainant has no equity to move a court, actively, in his behalf. This is so upon general principles. It is not necessary for us to decide the question debated here, whether after Tip-ton — under the act of 184T, ch. 20 — had paid the fees allowed by law to the entry taker, surveyor, register and Secretary of State, and had done every thing required at his hands in order to obtain a grant, leaving nothing but the simple duty upon the State, and its officers, to issue it — the Legislature intended, by the subsequent legislation, to impair his rights — or if so intended, could do SO' — -because we think it is enough that Cochrane himself, having abandoned his entry, and yielded *416 to Tipton’s prior title, could lrave no equity against ■ Tipton; and comp inant is, necessarily, in his shoes, having,- n® higher equity.
There has been no hiatus in the law, securing Tip-^vton’sr rights, since the 13th of November, 1851 — and if no right remained in Cochrane during the hiatus of that year, which he could enforce against Tipton — and we have seen that none did — how can complainant, by the assignment to him in 1855, when Tipton’s title had perfect vitality, by relation to the entries in 1840 — acquire any equity? We are unable to see.
It may, also, be remarked, that ■ as to the 141 and 4-9tk acres held by Tipton under the certificate warrants, the same were protected from Cochrane’s entry upon the principle of the case of Fogg et al. v. Williams and Hill, decided at the present Term of this Court.
There are other grounds, possibly, placing the equity of this case with defendant, Tipton. He has the legal title, and has paid a valuable consideration for it; and it may well be questioned — consistent with the case of Sampson v. Taylor, 1 Sneed, 600 — whether a Court of Equity could be moved to take it from him, at the instance of one who — with a full knowledge of his previous rights— . seeks to come in under a hiatus in the extension law, upon an entry made upon a mere nominal consideration. In such a case, are not the equties of the defendant, at least equal to those of complainant, and having the legal title, ought he not, in a Court of Chancery, to prevail ? Rut we do not mean to settle this now, being enabled to put this case on other grounds.
The decree of the Chancellor will be affirmed.